By the Court.
 

 Appellee, a fraternal benefit society, issued to William Easock a membership certificate by which it agreed to pay to appellant, his mother, the sum of $1,000 upon receipt of proof of assured’s death during the continuance of the membership certificate.
 

 At.the same time and in consideration of the payment of an additional premium, appellee issued its “supplemental accidental death rider” which was attached to and formed a part of the life membership certificate. This rider provided as follows:
 

 “This supplemental rider, unless previously can-celled, shall automatically terminate upon default of any premium upon the certificate of insurance or this supplemental rider. * * * ”
 

 Upon the accidental death of the assured, appellee paid appellant the $1,000 life benefit but refused to pay the $1,000 accidental death benefit for the reason that the supplemental .rider had been automatically can-celled upon the failure to pay the premium thereon within the grace period.
 

 Appellant brought suit and secured a judgment in the trial court. Upon appeal to the Court of Appeals, that court reversed the judgment of the Court of
 
 *275
 
 Common Pleas upon the ground “there is no evidence to warrant the verdict and judgment entered in the trial court in favor of plaintiff.”
 

 As stated by the Court of Appeals:
 

 ‘ ‘ The sole question in this case, determinative of the correctness of the judgment in favor of plaintiff hinges upon whether the premiums upon the supplemental rider were in default and the certificate automatically terminated before the accidental death of the insured member. ’ ’
 

 We have examined the record and are of the opinion that the record clearly discloses that the supplemental accidental death rider had terminated prior to the death of assured and that there is no evidence to warrant the verdict and judgment entered in the trial court in favor of the plaintiff. The facts do not bring this case within the principle announced in
 
 Shields
 
 v.
 
 Supreme Council of Royal Arcanum,
 
 123 Ohio St., 31, 173 N. E., 731. Therefore, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.